**Earnest NORMAN, Appellant,**

v.

**Louis S. NELSON, Warden, et al.,
Appellees.**

**No. 23863.**

United States Court of Appeals,
Ninth Circuit.

June 25, 1970.

Rehearing Denied Oct. 12, 1970.

Earnest Norman, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, John T. Murphy, Horace Wheatley, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before HAMLIN, ELY, and CARTER, Circuit Judges.

PER CURIAM:

Appellant Norman is a California state prisoner, convicted of burglary in 1965. He petitioned for a writ of habeas corpus on six grounds. The District Court summarily disposed of three of Norman's contentions for the reason that there were no factual allegations to support them but ordered a hearing on the three remaining contentions. These contentions were also eventually rejected, and Norman appeals.

Norman's first principal contention is that he was subjected to an illegal prearraignment interrogation and that statements made by him were involuntary and made without waiver of his right to remain silent. These contentions were factually resolved against Norman by both the state court and the District Court, and we see no reason to disturb those findings.

Norman also complains of an oral statement made by a person arrested with him. During Norman's state court trial, the statement was introduced into evidence, although the person who had made it, when called as a witness, had claimed his Fifth Amendment privilege and re-

fused to testify. Norman would have us now hold that this procedure violated his right of confrontation under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Assuming that this argument has merit, Norman is in no position to advance it. There was no objection made when the statement was introduced. Norman points to a prior objection and argues that it was sufficient to reach this statement. We disagree. That objection dealt only with Norman's own pre-arraignment statements.

We agree with the District Court's disposition of the other contentions raised by the petition.

Affirmed.

## SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

The appellant's Petition for Rehearing is unreasonably extensive and does not conform with Rule 40(b), Fed.R.App.P. Because of certain unusual circumstances, however, we have decided to consider it; hence, it is ordered that the Petition be filed.

In his Petition, Norman reargues propositions to which we have already given our careful consideration, but the Petition does make one point which merits comment. This is Norman's contention that our original opinion, insofar as it held that he was barred from reliance on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), because of there having been a failure, during the trial, to object to the evidence in question, conflicts with our court's recent opinion in O'Neil v. Nelson, 422 F.2d 319 (9th Cir. 1970). Since Norman's trial occurred before the Supreme Court's issuance of its opinion in *Bruton,* it appears that Norman, under *O'Neil,* was not required to object to the evidence in order to preserve a right later to rely upon the *Bruton* principle. Accordingly, we have reexamined the challenged evidence in the light of the whole record. From that reexamination, we have concluded that since Norman's trial was conducted without jury, and

since it is doubtful that the evidence in question can fairly be described as significantly incriminating, its introduction, if error, was harmless under the test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

With the expression of the foregoing additional conclusion, the judges who issued the original opinion have voted to deny the Petition for Rehearing and to reject the suggestion for *en banc* rehearing.

All of the court's active judges have been advised of Norman's suggestion for *en banc* rehearing, and none has requested that a vote be taken on such suggestion. Fed.R.App.P. 35(b).

The Petition for Rehearing is denied, and the suggestion for *en banc* rehearing is rejected.